IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES GOLBERT, Acting Cook County Public Guardian, on behalf of Class Representatives Stephen W., Carrion C., Careale C., Jamya B., Charlie W., Joshua F., Erica C., Alana M., and Johnnise W., and Named Plaintiffs Skylar L., Isaac D., Archie C., Burl F., Sterling B., and Tyrese B., on behalf of themselves and a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEVERLY J. WALKER, THE ESTATE OF GEORGE SHELDON, CYNTHIA TATE, BOBBIE GREGG, ARTHUR BISHOP, THE ESTATE OF RICHARD H. CALICA, ERWIN McEWEN, MICHAEL C. JONES, LAUREN WILLIAMS, SARI ROWITZ, JANE GANTNER, JILL TICHENOR, JULIANA HARMS, TONYA MAYS-HARRINGTON, LINDA STROUD, FELICIA GUEST, MARSHAE TERRY, THERESA MATTHEWS, ANGELA HASSELL, DONNA STEELE, LARRY SMALL, D. JEAN ORTEGA-PIRON, DEBRA DYER-WEBSTER, JANET AHERN, and the Illinois Department of Children and Family Services,<br><br>Defendants. | Case No. 18 C 8176<br><br>Judge John Z. Lee |

**MEMORANDUM OPINION AND ORDER**

Charles Golbert, the Acting Cook County Public Guardian, has filed a four-count complaint on behalf of individuals representing a class of persons younger than

21 years of age who allegedly were detained by the Illinois Department of Children and Family Services ("DCFS") in psychiatric hospitals without legal basis. Plaintiffs have asserted Counts I and II under 42 U.S.C. § 1983 against DCFS and twenty-four current and former DCFS directors and former employees for violating their rights under the Fourteenth Amendment, and Counts III and IV against DCFS under the Rehabilitation Act and the Americans with Disabilities Act ("ADA").

Defendants have filed a motion to dismiss Plaintiffs' claims. For the reasons stated herein, the motion is granted. Counts I and II are dismissed with prejudice; Counts III and IV are dismissed without prejudice.

## **Background**[1]

Plaintiffs bring this action on behalf of a putative class defined as "all those who are or were subjects of abuse, neglect, or dependency petitions filed in the Circuit Court of Cook County, who have been placed in the custody or under the guardianship of DCFS at any time on or after March 4, 2008 and who were held in a hospital for purposes of psychiatric treatment for at least a week beyond medical necessity and who are 20 years old or younger" at the time of the filing of the complaint. Compl. ¶ 107, ECF No. 1.

In their complaint, Plaintiffs challenge the constitutionality of "policies and practices promulgated by the Defendants acting within [DCFS] that directly and negatively impact children who are held in psychiatric hospitals long past the time

---

[1] The following facts are taken from Plaintiffs' complaint and are accepted as true at this stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (stating that, at the motion-to-dismiss stage, the court "accept[s] as true all well-pleaded facts alleged").

2

that their treatment required them to be confined." *Id.* ¶ 1. Specifically, Plaintiffs allege that Defendants have known since at least 1988 that DCFS has maintained a "widespread and unnecessary practice" of holding certain children in psychiatric hospitalization beyond medical necessity ("BMN"). *Id.* ¶ 6. Not only have the Defendants known about this issue, Plaintiffs allege, but—despite having the ability and responsibility to ensure that children medically cleared for discharge were promptly placed in a less-restrictive setting outside of a hospital—each Defendant failed to do anything about the problem, thereby violating Plaintiffs' constitutional rights.

Plaintiffs divide Defendants into several groups:

- Current or former DCFS directors or acting directors, which Plaintiffs allege "were responsible for ensuring that all programs comply with state and federal law and the Constitution" and ensuring that "all children in DCFS custody or under its guardianship are safe, appropriately placed, and receive appropriate and timely care and treatment." *Id.* ¶ 28.

- Supervisors of the DCFS Central Matching Unit, which Plaintiffs allege "were responsible for ensuring that every child had a therapeutically appropriate placement upon discharge from a psychiatric hospital." *Id.* ¶ 29.

- Individuals that headed DCFS's Psychiatric Hospitalization Project, each of which Plaintiffs allege "was responsible for monitoring every child held BMN and ensuring that these children were discharged from the hospital as soon as hospitalization was no longer therapeutically necessary." *Id.* ¶ 30.

- DCFS Deputy Directors of Clinical Practice, which Plaintiffs allege were each "responsible for ensuring that every child being held BMN had an appropriate placement" upon discharge from the psychiatric hospital. *Id.* ¶ 31.

- Attendees of weekly meetings that had the purpose of "monitor[ing] every child held BMN at various [points] during the class period," and, as a result

3

of these weekly meetings, who each "had the ability and the responsibility to ensure that children being held BMN were immediately provided appropriate placements outside a psychiatric hospital." *Id.* ¶ 33.

- DCFS Guardianship Administrators, who were allegedly "responsible for ensuring that each child received a placement in the least restrictive environment available, including placements outside of a psychiatric hospital once a child began being held BMN." *Id.* ¶ 34.

- DCFS itself, which Plaintiffs allege was mandated under state law to "place each of the children in its care in safe and adequate placements consistent with each child's health, safety and best interests." *Id.* ¶ 35.

In summary, Plaintiffs allege that "each and every Defendant has known that children were being held BMN," and "[e]ach and every Defendant had the ability to ensure that children being held BMN received an appropriate placement before being BMN for more than a week." *Id.* ¶¶ 78–79. Yet, "[d]espite knowing of the severe risks posed to children being held BMN and having both the responsibility and the resources to provide appropriate placements, the Defendants nevertheless permitted the class members to be held BMN." *Id.* ¶ 77; *see id.* ¶ 108 ("As each individual Defendant assumed his or her position in DCFS . . . he or she had the opportunity to end the BMN practice but did not do so.").

Plaintiffs bring Fourteenth Amendment § 1983 claims against each of the Defendants (Counts I and II), and claims against DCFS under Section 504 of the Rehabilitation Act (Count III) and Title II of the ADA (Count IV).

## **Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this way, the complaint must put the defendants on "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In addition, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## Analysis

### I. Plaintiffs' § 1983 Claims (Counts I and II)

As an initial matter, Defendants argue that the Court lacks subject matter jurisdiction because the Eleventh Amendment bars Plaintiffs' claims. Such an argument "must be addressed at the threshold." *Safari Childcare Inc. v. Penny*, No. 17 C 8547, 2018 WL 4144637, at *2 (N.D. Ill. Aug. 30, 2018); *see Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 675 (7th Cir. 2008).

Here, Plaintiffs have not sued the State of Illinois, but DCFS and certain associated individuals. Therefore, the question for Eleventh Amendment purposes is

5

whether Plaintiffs' claims, although nominally brought against government employees in their individual capacities, "may really and substantially be against the state." *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001).

Unfortunately, because Plaintiffs' complaint "treats the . . . DCFS employee defendants as an undifferentiated mass rather than as individual defendants . . . it is impossible to say whether the claims 'nominally against' any particular defendant are in substance asserted 'against the state.'" *Safari Childcare Inc.*, 2018 WL 4144637 at *2 (quoting *Luder*, 253 F.3d at 1023). Accordingly, the Court will set the Eleventh Amendment issue aside for now and proceed to Defendants' arguments challenging the sufficiency of the complaint under Fed. R. Civ. P. 12(b)(6). *See id.*

In this regard, Defendants raise several arguments in seeking dismissal of Plaintiffs' § 1983 claims under Rule 12(b)(6), including res judicata, qualified immunity, and the failure of Plaintiffs to plead the specific involvement of the individual Defendants. Because a sufficiently pleaded complaint is a predicate for the other arguments, the Court will address it first.

"Individual liability pursuant to § 1983 'requires personal involvement in the alleged constitutional deprivation.'" *Estate of Perry v. Wenzel*, 872 F.3d 439, 459 (7th Cir. 2017) (quoting *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017)). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Carmody v. Bd. of Trustees of Univ. of Ill.*, 893 F.3d 397, 401 (7th Cir. 2018) (quoting *Colbert*, 851 F.3d at 657). That is, § 1983 plaintiffs must "ground [their] legal conclusions in a sufficiently plausible factual basis" that places

each defendant "on notice of what exactly [he or she] might have done to violate [the plaintiff's] rights under the Constitution." *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). Relatedly, "Plaintiffs may not rely on 'vague references to a group of "defendants," without specific allegations tying the individual defendants to the alleged unconstitutional conduct.'" *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (quoting *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008)).[2]

The Court agrees with Defendants that Counts I and II fail to adequately identify the specific involvement by each, or any, of the Defendants that gives rise to the claims. Plaintiffs' basic theory is that *each* Defendant was aware of the fact that children in the class were being held BMN, *each* had the ability to ensure that the children were not held BMN, but *each* failed to exercise that ability, in violation of Plaintiffs' constitutional rights. But Plaintiffs do not articulate in any fashion what those abilities were and how each Defendant failed in their duty to perform them. There is no meaningful distinction presented, for example, between DFCS directors and those DCFS employees who merely "attended weekly meetings to monitor every child held BMN at various [points] during the class period." *Id.* ¶ 33.

Stated differently, Plaintiffs essentially identify a problem (albeit, a troubling one)—that children were and are being held BMN—and then point to a large group of Defendants and simply suggest that each could have and should have done something about it. Without more detail about the specific steps that each Defendant, or group of Defendants, should have but did not take, the Court cannot properly

---

[2] Plaintiffs concede that DCFS is not a "person" and thus "cannot be sued pursuant to 42 U.S.C. § 1983." Resp. to Mot. to Dismiss at 3 n.1.

7

assess Plaintiffs' § 1983 claims, and the individual Defendants lack fair notice as to why they were sued. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (noting in a § 1983 suit that the complaint must "allege[] . . . specific act[s] or conduct on the part of the defendant").

A comparison to *Engel* is instructive. There, Seventh Circuit agreed that "plaintiffs may not rely on '[v]ague references to a group of "defendants," without *specific* allegations tying the individual defendants to the alleged unconstitutional conduct,'" but allowed the claims to proceed, because "reading the allegations sensibly and as a whole, there is no genuine uncertainty regarding [which defendant] is responsible for what." 710 F.3d at 710 (emphasis added)). In particular, Engel described specific acts that the defendants had taken—for example, the withholding of evidence, the manipulation of testimony, and the fabrication of reports—and it was possible to infer from the complaint the role of each defendant. This is not the case here. *See Hernandez ex. rel. Hernandez v. Foster*, 657 F.3d 463, 487 (7th Cir. 2011); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1012 (7th Cir. 2000).

Now compare *Engel* to *Safari Childcare, Inc.*, where the plaintiff brought a § 1983 action against nearly two dozen DCFS employees. The court there dismissed the complaint, because it "[did] nothing to specify which defendant(s) took which particular action(s) alleged therein." 2018 WL 4144637, at *2; *see id.* (citing portion of complaint that stated that "[e]ach individual Defendant personally participated in the unlawful conduct described above and acted jointly and in concert with other Defendants who participated or acquiesced or failed to intervene in the unlawful

8

conduct."). Because the complaint "fail[ed] to differentiate among the nearly two dozen DCFS employees named as defendants," this marked "an extreme degree of group pleading" which is "insufficient in a § 1983 suit." *Id.* at *3.

The same is true here. Moreover, Plaintiffs' response to Defendants' motion to dismiss only reinforces that they are effectively engaging in group pleading. *See* Resp. to Mot. to Dismiss at 18, ECF. No. 55 ("Plaintiffs have alleged that each individual Defendants knew about facilitated, approved, condoned *or* turned a blind eye to the unconstitutional misconduct that allowed [Plaintiffs], and others like them, to be left in locked psychiatric hospitals for days and weeks BMN." (emphasis added)). As currently drafted, Plaintiffs' complaint fails to place each Defendant "on notice of what exactly [he or she] might have done to violate [the Plaintiffs'] rights under the Constitution." *Brooks*, 578 F.3d at 582.

The Court recognizes that Plaintiffs may not have the information necessary to advance more specific allegations against every Defendant at this stage of the litigation. After all, much of the information is uniquely within the possession of the very Defendants that Plaintiffs seek to sue. But, if this is the case, Plaintiff should limit the named Defendants to those against whom Plaintiff can offer more specific allegations and seek to join others during the course of discovery, to the extent appropriate. For now, however, Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) is granted.

## II. Counts III and IV — Plaintiffs' Rehabilitation Act and ADA claims

Plaintiffs also allege that, by not preventing them from being held BMN, the

9

Defendants violated their rights under Section 504 of the Rehabilitation Act and Title II of the ADA.  In assessing the sufficiency of the pleadings as to these claims, the Court agrees with the parties that it is critical to consider whether Plaintiffs allegations reasonably create an inference of discriminatory intent.  *See, e.g.*, *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 n.4 (7th Cir. 2014); *Strominger v. Brock*, 592 F. App'x 508, 511 (7th Cir. 2014); *Phipps v. Sheriff of Cook Cnty.*, 681 F. Supp. 2d 899, 917–18 (N.D. Ill. 2009).  But, for the same reasons outlined above, the allegations in the complaint are insufficient to permit the Court to make such a determination.  Accordingly, Defendants' motion to dismiss these counts is granted as well.

## Conclusion

Plaintiffs' complaint is dismissed without prejudice.  Plaintiffs are granted leave to file an amended complaint within 28 days of this order.  *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 346–47 (7th Cir. 2018) ("Generally, 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [the] complaint before the entire action is dismissed.'" (quoting *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015))).  That said, the Court dismisses with prejudice Plaintiffs' § 1983 claims against DCFS.  The Court sets a status hearing for April 8, 2020, at 9:00 a.m.

**IT IS SO ORDERED.**                                                            **ENTERED: 3/12/20**

                                                                                                          _____
                                                                                                          **John Z. Lee**
                                                                                                          **United States District Judge**