IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES GOLBERT, et al., on behalf of themselves and a class of others similarly situated, | ) ) ) ) | Case No: 18 C 8176 |
| Plaintiffs, | ) ) ) | Hon. Jeffrey I. Cummings Judge Presiding |
| v. | ) ) ) | Hon. M. David Weisman |
| BEVERLY J. WALKER, et al., | ) ) | Magistrate Judge |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL SUPPLEMENTED
AND CORRECTED PLAINTIFFS' EXPERT REPORT OR
ALTERNATIVE MOTION TO BAR PLAINTIFFS' EXPERT**

Because Plaintiffs' retained expert, Deborah McCarrel, authored a report that does not comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), the Defendants move pursuant to Rule 26(e)(1)(B) for an order requiring that the McCarrel Report be supplemented and corrected. Alternatively, the Defendants move pursuant to Rule 37(c)(1) to bar McCarrel from testifying. The McCarrel Report is filed herewith as Exhibit 1.

The Requirements of Rule 26(a)(2)(B)

Federal Rule of Civil Procedure 26(a)(2)(B) is straightforward regarding the requirements of a retained expert's report. Such a report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," the "facts and data considered by the witness in forming them," and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i), (ii), and (vi). "An expert opinion must set forth facts and, in doing so, outline a line of reasoning arising from a logical foundation. The expert's report must include the 'how' and 'why,' not just his conclusions." *Adkins v. Marathon Petroleum Co., LP*, 105 F.4th 841, 850 (6th Cir. 2024) (citations and quotations omitted). An expert's report meets these requirements "when it is sufficiently complete, detailed

and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Landivar v. Celebrity Cruises, Inc.*, 340 F.R.D. 192, 195 (S.D. Fla. 2022) (citations and quotations omitted).

Relief Available When a Party Does Not Comply With Rule 26(a)(2)(B)

Rule 26(a)(2)(B) "does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. The purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert will testify, and this purpose would be completely undermined if the parties were allowed to cure a deficient report with later deposition testimony." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008) (citations and quotations omitted). Instead, when a retained expert's report does not comply with the Rule's requirements the Court may order that the report be supplemented and corrected. Fed. R. Civ. P. 26(e)(1)(B); *see also Saiyed v. Council of American-Islamic Relations Action Network, Inc.*, 321 F.R.D 455, 459 (D.D.C. 2017) (failure to meet Rule 26(a)(2)(B)'s requirements can result in an order to supplement or correct the report). Alternatively, the Court may enter an order barring the expert from testifying. Fed. R. Civ. P. 37(c)(1); *see also Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019) ("If a party violates Rule 26(a)…, Rule 37(c) provides for the exclusion of the expert evidence unless the failure was substantially justified or is harmless.") (citation and quotation omitted); *U.S. ex re. Tennessee Valley Authority v. 1,72 Acres of Land in Tennessee*, 821 F.3d 742, 752 (6th Cir. 2016) (Rule 37(c)(1) "requires *absolute compliance* with Rule 26(a)") (citation and quotation omitted; emphasis added).

The McCarrel Report Does Not Comply with Rule 26(a)(2)(B)(i) and (ii)

McCarrel has "almost 40 years of experience in the state's human services delivery system with an emphasis on child welfare and children's behavioral health program development and implementation." McCarrel Report at 1. She was "asked to opine on common issues of fact in litigation challenging ongoing issue of children in the care of DCFS being held in psychiatric

hospitals beyond medical necessity, and I offer the following opinions based on the evidence described below that is available to date." *Id*. Fair enough, but what follows in the McCarrel Report is 17 pages of meandering narrative with seeming "opinions" sprinkled throughout, leaving the reader to wonder—What exactly are McCarrel's opinions, and what are the basis and reasons for them? What are the facts or data McCarrel considered and on which she relies? A few examples illustrate the point.

- "Based on my expertise and review of the materials I was provided, each of the children experienced, and have a record of experiencing, at least one psychiatric crisis that required immediate, stabilizing treatment. During their psychiatric crisis, the children's day-to-day brain functioning was significantly impaired as well as their ability to perform the activities described above. Due to those facts, each child is disabled under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act." McCarrel Report at 3.

  Who are "each of the children" to have experienced "at least one psychiatric crisis"?

  What is the basis and reasons for the opinion that these unidentified children's "brain functioning was significantly impaired as well as their ability to perform the activities described above"?

  What is the basis and reasons for concluding that "[d]ue to those facts, each child is disabled under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act"?

- "A BMN designation is assigned by the psychiatric hospital when a youth in care has completed required treatment but has no placement to return to after acute services are rendered." McCarrel Report at 3.

  What is the basis and reasons for this opinion? The individual hospital's policies and procedures? A generally accepted definition of BMN within the medical community?

- "Children are not meant to stay in psychiatric hospitals BMN. In fact, doing so is extremely detrimental to the child's physical, mental, and emotional health." McCarrel Report at 3.

  Is this statement presented as a mere truism? If not, what is the basis and reasons for the opinion? Is there supporting data, literature, clinical analysis? If so, what is it?

- "DCFS has long known about the serious risk to children posed by keeping them hospitalized BMN." McCarrel Report at 4.

- What is the basis and reasons for this opinion? There must be supporting evidence for what DCFS "has long known."

- "The closure of residential beds before the implementation of alternative resources such as therapeutic or specialized foster care beds, and community-based mental health services created exceedingly high rates of children left in clinically inappropriate restrictive settings for months on end." McCarrel Report at 5.

  What is the basis and reasons for this opinion? There must be supporting evidence for such a statement.

- "Based on historical utilization data, DCFS should be able to project the approximate number of youth that will need that service and have the anticipated capacity readily available." McCarrel Report at 7.

  What "historical utilization data" does McCarrel rely upon as the basis and reasons for this opinion?

- "DCFS has been responsible for hundreds of children being held BMN due to systemic deficiencies." McCarrel Report at 7.

  What is the basis and reasons for this opinion? Surely McCarrel has precise data to support such a statement, and maybe that data is identified somewhere with the 17 pages of her report but, but the reader is left to search and wonder.

And on and on it goes, for 17 pages. But remember, "[a]n expert opinion must set forth facts and, in doing so, outline a line of reasoning arising from a logical foundation. The expert's report must include the 'how' and 'why,' not just his conclusions." *Adkins*, 105 F.4th at 850. A report meets these requirements "when it is sufficiently complete [and] detailed … so that surprise is eliminated." *Landivar*, 340 F.R.D. at 195. After all, "[t]he purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert will testify." *Ciomber*, 527 F.3d at 642. Given the nature of McCarrel's report, it is difficult to imagine that "surprise is eliminated" prior to her deposition; her report simply does not "provide notice to opposing counsel—before the deposition—as to what [McCarrel] will testify." *Id.*

In short, the McCarrel Report provides neither "a complete statement of all opinions [she] will express and the basis and reasons for them" or the "facts and data considered by [her] in forming" those opinions. As such, it does not comply with Rule 26(a)(2)(B)(i) and (ii). The report

requires supplement and correction. Fed. R. Civ. P. 26(e)(1)(B). Absent that, McCarrel should be barred from testifying. Fed. R. Civ. P. 37(c)(1).

The McCarrel Report Does Not Comply with Rule 26(a)(2)(B)(vi)

Plaintiffs' counsel served the McCarrel Report with a cover email noting McCarrel's hourly compensation rate. But providing an expert witness's hourly rate does not satisfy Rule 26(a)(2)(B)(vi)'s requirement to disclose a complete "statement of the compensation to be paid for the study and testimony in the case." *FF Cosmetics FL Inc. v. City of Miami Beach*, 114 F.Supp.3d 1257, 1259 (S.D. Fla. 2015) (disclosing only expert's "hourly rate" does not comply with Rule 26(a)(2)(B)(vi)). The report requires supplement and correction, disclosing all compensation charged by, and paid to, McCarrel. Fed. R. Civ. P. 26(e)(1)(B).

Conclusion

The report authored by Plaintiffs' retained expert is not complete, not detailed, does not eliminate surprise, and does not give opposing counsel notice of as to what Plaintiffs' expert will testify. As a result, it falls woefully short of complying with the disclosure requirements of Federal Rule of Civil Procedure 26(e)(1)(B). The report should be supplemented and corrected. Failing that, Plaintiffs' retained expert should be barred from testifying.

Wherefore, for the reasons set forth above, the Defendants respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 26(e)(1)(B) requiring that Plaintiffs' expert's report be supplement and correct so as to comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B), or alternatively, enter an order pursuant to Federal Rule of Civil Procedure 37(c)(1) barring Plaintiffs' expert from testifying at any hearing or trial in this matter.

Dated: October 1, 2024                                                                 Respectfully submitted,

                                                                                                    /s/Barbara L. Greenspan

*Attorneys for Defendants*
Barbara L. Greenspan
Thomas J. Verticchio
Vjolca Saliu
Assistant Attorneys General
115 S. LaSalle St.
Chicago, Illinois 60603
(312) 858-0412

## CERTIFICATE OF SERVICE

The undersigned, an attorney, deposes and states that **DEFENDANTS' MOTION TO COMPEL SUPPLEMENTED AND CORRECTED PLAINTIFFS' EXPERT REPORT OR ALTERNATIVE MOTION TO BAR PLAINTIFFS' EXPERT** was served upon counsel of record via electronic ECF filing this 1st day of October 2024.

s/Barbara L. Greenspan
Attorney
